UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IOSIF TAMAS,<br>Plaintiff,<br>v.<br>STATE OF WASHINGTON et al.,<br>Defendants. | CASE NO. 2:26-cv-04023-TL<br><br>ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915(E)(2)(B) |

This matter is before the Court on the recommendation of the Honorable S. Kate Vaughan, United States Magistrate Judge. See Dkt. No. 6 at 1. Plaintiff, proceeding pro se and *in forma pauperis*, has filed a civil action against Defendants the State of Washington, King County, Woodinville Police Department, and the City of Seattle. Dkt. No. 7 (Complaint). Having reviewed Plaintiff's Complaint, the Court finds that Plaintiff fails to state a claim upon which relief may be granted and therefore DISMISSES Plaintiff's Complaint without prejudice and with leave to file an amended complaint.

On October 20, 2026, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") in this action. Dkt. No. 1. Judge Vaughan granted the application but recommended review under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 6 at 1. Plaintiff's Complaint was subsequently filed on the docket. Dkt. No. 7.

The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute, the Court must dismiss a case if the IFP Plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints . . . ."). "The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

Plaintiff must provide sufficient factual details in the Complaint to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where a plaintiff proceeds pro se (without an attorney), courts must construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should 'not supply essential elements of the [pro se] claim that were not initially pled.'" *Henderson v. Anderson*, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)); see also *Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

Here, Plaintiff's Complaint, filed using the "Complaint for a Civil Case" form provided by the Court, lacks sufficient factual detail to plausibly state a claim. *See generally* Dkt. No. 7. Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff has not included any statement of the claim, and the form complaint is completely blank except for the names of the Parties and Plaintiff's signature and contact information. *See generally* Dkt. No. 7. Plaintiff's filing also includes attachments, which appear to be decades-old filings from other court cases in which Plaintiff has been involved. *See generally* Dkt. No. 7-1. These cannot replace a statement of the claim in *this* case and, indeed, give no indication of what this case is meant to be about.

The Court, therefore, finds that Plaintiff fails to state a plausible claim for relief. For this reason, the Court must dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Courts typically allow pro se plaintiffs to amend their complaints in lieu of dismissal. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). The Court will therefore grant Plaintiff leave to file an amended complaint in this case that sufficiently "pleads factual content," *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009), to state a plausible claim for relief. While supporting documents may be attached, the amended complaint itself must provide a short and plain statement telling the Court: (1) the laws or statutes upon which Plaintiff's claims are based; (2) exactly what facts support each of the alleged violations of law by each Defendant; and (3) what specific injury Plaintiff suffered because of each alleged violation of law. If Plaintiff fails to file an amended complaint by the deadline or if the amended complaint fails to state a plausible claim for relief, the Court will dismiss this case in its entirety.

//

//

Accordingly, the Complaints is DISMISSED without prejudice. However, the Court GRANTS Plaintiff leave to amend the Complaint within **thirty (30) days** of this Order. Therefore, any amended complaint is due by December 17, 2026.

Dated this 17th day of November, 2026.

Tana Lin
United States District Judge